## Case No. 15,574.

UNITED STATES v. LAWRENCE et al.

[14 Blatchf. 229.] [1]

Circuit Court, E. D. New York. May 23, 1877.

PLEADING—SEVERAL LIABILITY—NEW YORK PRACTICE—EXHAUSTING REMEDIES.

1. A bond to the United States, signed and sealed by W., G., C., and M., and acknowledged by each as his act, recited that W. and G., composing the firm of A. & Sons, as principals, and C. and M., as sureties, were held, &c., jointly and severally, to the United States, in the sum of $9,000, and was conditioned that the firm of A. & Sons should pay all taxes assessed upon tobacco manufactured by the firm. W. and C. died, and H. was appointed administratrix of W. The United States then brought suit on the bond against H., as administratrix of W., and G. and M., claiming a judgment for $9,000. On demurrer to the complaint, by H., *held* that, as the complaint set forth a several obligation by the obligors, it was good, because, by the law of New York, a several liability could be enforced, in one suit, against all the defendants.

2. This was so, although H. was sued as administratrix, and the others as individuals.

3. The bond was not the obligation of the firm, and that, therefore, it was not necessary to exhaust all remedies against G., as surviving partner of the firm, before suing on the bond.

At law.

Asa W. Tenney, U. S. Dist. Atty.
George W. Denton, for defendant Lawrence.

BENEDICT, District Judge. This cause comes before the court upon a demurrer to the complaint. The allegations of the complaint are, that, on the 25th of January, 1867, William E. Lawrence, George B. Mickle, Charles Vandervoort and William D. McGregor executed a bond, whereby they bound themselves, jointly and severally, unto the United States, in the sum of $9,000, upon condition that, if the firm of A. H. Mickle & Sons, of

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

which firm the said Lawrence and the said Mickle were partners, should pay all taxes assessed upon tobacco, snuff or cigars manufactured by the firm, the said bond should be void. A breach of the condition of the bond is then correctly stated, and the complaint then proceeds to aver the death of Charles Vandervoort, one of the obligors, and also the death of William E. Lawrence, another of the obligors; and that the defendant Hannah T. Lawrence was thereafter, and before the commencement of this action, duly appointed administratrix, with the will annexed, of the goods and chattels which were of the said William E. Lawrence, deceased, wherefore judgment is prayed against the defendants in the sum of $9,000.

To this complaint the defendant Hannah T. Lawrence demurs, and contends, first, that the plaintiff has, in this action, elected to treat the bond in suit as a joint obligation, and that, as such, it was discharged by the death of Lawrence. But. the complaint sets forth a several obligation on the part of the obligors. It cannot, therefore, be said that the plaintiff has elected to treat the liability as joint, and, if a several liability can be enforced against the defendants, in this action, the complaint is good. The Code of Procedure of the state of New York (section 120) provides, that persons severally liable upon the same obligation or instrument may, all or any of them, be included in the same action. This provision of the law of the state must be considered as the law for this court, (Sawin v. Kenny, 93 U. S. 289; see, also, Chemung Canal Bank v. Lowery, Id. 72); and by virtue thereof an action against all the obligors upon a bond like this can be maintained. By a further provision of the law of the state (2 Rev. St. 113, § 2), all actions upon contract may be maintained by and against executors, in all cases in which the same might have been maintained by or against their respective testators; and, by a still further provision of the same law (Id. § 3), administrators are accountable to others to whom the estate was holden or bound, in the same manner as executors. The liability of the defendant Lawrence, as administratrix, to be sued upon this bond, is determined by those provisions of law.

The remaining question is, whether an action will lie, in the courts of the United States, against several defendants, upon a several liability arising out of the same instrument, where the defendants are sued in different characters, and the judgment, although the same in amount, must be otherwise different, as here, where one of the defendants is sued as administratrix. This question, also, must be determined according to the law of the state, and, by the laws of the state, such an action is permitted. Churchill v. Trapp. 3 Abb. Prac. 306.

A further point has been suggested, not arising upon the face of the complaint. but which, as it has been discussed by counsel with reference to the terms of the bond, and the bond itself has been, by consent, submitted for consideration, may here be disposed of. The point is this, that the bond sued on is the obligation of the firm of A. H. Mickle & Sons, and no action upon a partnership liability can be maintained against the representative of a deceased partner, without first exhausting the remedy against the surviving partner. No doubt exists, that, if this bond be the bond of the firm, it is impossible to maintain the action without averring in the complaint that Mickle, the surviving partner, is insolvent, and that all remedies against him have been exhausted. But the bond is not the bond of a firm. No firm name is attached to it, only the names of several persons. The fact that some of those persons were members of a firm does not alter the nature of the obligation nor create a liability on the part of the firm. The recital of the bond is, "We, William E. Lawrence and George B. Mickle, composing the firm of A. H. Mickle & Sons, as principal, and Charles Vandervoort and William D. McGregor, as sureties, are held," &c.; and this recital is relied on as conclusive to show that the obligation is that of the firm of A. H. Mickle & Sons, but I do not think the recital can control. The bond is executed by four different persons, each of whom has attached his seal and each of whom acknowledged the execution thereof, as his act. Each of these persons, by executing this bond, assumed a personal obligation to the United States, which can be enforced against him personally, notwithstanding the fact that the bond was given in the interest of the firm and to secure taxes that the firm might become liable for.

The demurrer is, therefore, overruled, with leave to plead, on payment of costs.