## Case No. 11,707.

### REPUBLIC INS. CO. v. WILLIAMS.

[3 Biss. 370;[1] 5 Chi. Leg. News, 97; 16 Int. Rev. Rec. 174.]

Circuit Court, W. D. Wisconsin. Nov. 14, 1872.

RULES OF COURT — ACT ESTABLISHING UNIFORM SYSTEM OF PRACTICE—FOLLOWING STATE PRACTICE—OPENING DEFAULT.

1. The act of June 1st, 1872, abrogated all rules of this court inconsistent with the state practice in common law cases, and required the United States circuit and district courts to conform to such practice in all cases where practicable.

[Cited in Osborne v. Detroit, 28 Fed. 386.]

2. No discretion is left except as to how near it is possible to follow the state practice.

3. Congress intended to remove the double system of practice, pleading and proceeding, and establish a uniform system which members of the bar could follow in either court.

4. The regularity of proceedings should be decided by the state laws and the decisions of the state courts.

5. In Wisconsin, to open a judgment by default, a copy of the proposed answer, an affidavit excusing the default and an affidavit of merits, must, in all cases, be recorded.

This was a motion by defendant to set aside a judgment entered by default at the La Crosse term. The suit was commenced by the service of a summons in the form in use in the state courts in an action on contract for the recovery of money, which required the defendant to answer within twenty days after service. The complaint was not served, but was filed and sworn to in the form provided by the state statutes. The plaintiff's attorneys filed an affidavit of no answer, appearance, or demurrer, and entered judgment for the amount claimed in the summons, in conformity with the state practice. Motion to set the judgment aside, and for leave to plead or demur.

Tenney, McClellan & Tenney, for plaintiff.
I. C. Sloan, for defendant.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

HOPKINS, District Judge. Judging from the moving papers the defendant's attorney is not aware of or has not given proper effect to the change in the practice established by section 5 of the act entitled, "An act to further the administration of justice," approved June 1, 1872 [17 Stat. 197], which reads as follows: "That the practice, pleadings, forms and modes of proceeding in other than equity and admiralty cases in the circuit and district courts of the United States shall conform as near as may be to the practice, pleadings, forms and modes of proceeding existing at the time in like causes in the courts of record of the states within which such circuit or district courts are held, any rule of court to the contrary notwithstanding." That abrogated all rules of this court inconsistent with the state practice in common law cases, and adopted the practice of the state courts, and required the United States circuit and district courts to conform to such practice in all cases where practicable. No discretion is left to the courts except upon the question as to how near it was possible to follow the state practice, for the act certainly adopts it in all cases where it can be conformed to by the courts.

Congress obviously intended by the act to remove the double system of practice, pleading and proceeding existing in many of the states in common law cases, and to establish in each state a uniform practice with the state courts, so that the members of the bar would not have to proceed differently in the federal than in the state courts. It is a great relief to the profession in those states where the code practice exists, and under which most of the profession have been educated, to say nothing of the advantages of that system over the old. It is now sixteen years since the adoption of the code here, and a large majority of the lawyers have come to the bar under that practice, and are not familiar with the common law practice as it has heretofore existed in this court, and they have consequently looked upon this court as a kind of foreign tribunal and have not availed themselves of its privileges.

Now, as this court has the power, and is required to conform to the existing state practice, it will do so as far as practicable. I shall endeavor to assimilate the practice as far as possible, and to that end shall give it a generous interpretation.

The summons is treated as the process, and by the act is required to be tested, so that it must be issued by the clerk in all cases. It may be served with or without a copy of the complaint, and if without, the defendant must proceed as in the state courts to obtain a copy of it, and the same delays will attach. Parties wishing to commence suit can send to the clerk a præcipe, or direction to issue summons, for relief or for the recovery of money on contract, stating the amount and claim for interest as they desire it to be stated in the summons. They may file com-

plaint then or not, in their discretion, and the clerk will prepare the summons in that respect so as to meet the case.

I have felt it due to the profession to make these general remarks on the practice under the recent act of congress, as this court has not published any rules since its enactment, and parties may be misled, as the defendant in this case undoubtedly has been, by the printed rules distributed before its passage. In short, it is expected the practitioners in this court will adopt the practice and forms of proceeding used in the state courts in common law cases, and the regularity of the proceedings will be determined by the state laws, and the decisions of the state courts thereon.

This being an application to open judgment regularly entered by default, according to the state practice, it becomes necessary to examine and ascertain the requirements of the state courts to open a judgment entered under such circumstances. As I understand the practice, they require the defendant, in all cases, to prepare and serve a copy of the proposed answer, duly verified, an affidavit excusing the default and an affidavit of merits. Mowry v. Hill, 11 Wis. 232; Burnham v. Smith, Id. 258; Johnson v. Eldred, 13 Wis. 482. Although under the decision of the Town of Omro v. Ward, 19 Wis. 232, such affidavit may not be absolutely necessary, it would, however, be safe to always file one. The defendant not having complied with these requirements, this motion is denied; but as the practice is new and unsettled, it is denied without prejudice to renew on proper papers.

I have received numerous letters from attorneys enquiring as to the mode of proceeding in commencing suits, as to the form of pleadings, and as to verifying pleadings, and as to how to obtain copies of complaint when not served with summons, etc., the answer to which is obvious—consult and follow the state practice, which is all that is necessary to render proceedings regular, as it is by the act above quoted, adopted as the practice of this court.

From the moving papers it appears that the defendant's counsel intended to demur to the complaint. That presents a question that I do not find discussed or decided in the state courts, and it may not, and probably would not, arise there, as an appeal from the judgment might present the same question. But in this court writs of error do not lie from a judgment of less than two thousand dollars; so that a different practice on that question might be essential here to prevent a denial of justice. It is unnecessary, however, at this time, to dispose of that question.

Consult Butler v. Young [Case No. 2,245], Cir. Ct. U. S. W. D. Ohio, opinion by Sherman, District Judge.