## COTTIER and others *v.* STIMSON and another.

(*Circuit Court, D. Oregon.* December 28, 1883.)

1. **VERIFICATION OF PLEADINGS.**

   Under section 914 of the Revised Statutes, the pleadings in an action for the infringement of a patent must be verified as provided in section 79 of the Oregon Code of Civil Procedure.

2. **DOUBLE PLEAS OR DEFENSES.**

   Both at common law and under the Code special pleas or defenses may be pleaded with the general issue, or a denial of the allegations of the complaint.

3. **DEFENSES TO AN ACTION FOR INFRINGEMENT.**

   The five matters which may be given in evidence upon notice under the general issue, as provided in section 4920 of the Revised Statutes, as defenses to an action for the infringement of a patent, may be pleaded specially with the general issue, and other defenses thereto may be pleaded specially, either with or without the general issue and such notice.

4. **SPECIAL PLEAS CRITICISED.**

   *Quære:* Is it sufficient to allege in a special plea, that the thing patented was not marked with the word "patented," without also alleging that the defendant was not otherwise notified of the infringement; and is not a plea that the thing patented was not an invention when produced by the patentee, a mere repetition of the special matter, that said patentee was not the original and first inventor thereof; but a defense that an invention is not useful must be specially pleaded.

Action for an Infringement of a Patent.

*C. P. Heald,* for plaintiffs.

*D. P. Kennedy,* for defendants.

DEADY, J. This is an action "on the case," brought by the plaintiffs under section 4919 of the Revised Statutes, to recover damages from the defendants for the infringement of a patent for an improved method of ventilating water closets, numbered 171,926. The defendants plead the general issue—"not guilty"—and give notice of the special matters which they expect to prove thereunder on the trial, as provided in section 4920 of the Revised Statutes, as follows: That said invention was not novel when produced by the patentee, and he is not the original inventor thereof, for that a like apparatus was previously patented to Jared Holt on February 10, 1874; and for that a like apparatus or system was previously described, or known and used, specifying six instances where and when and by whom it was described, or known and used. The answer also contains three special pleas, to the effect: (1) The plaintiffs have never marked their invention with the word "patented," together with the date of the patent; (2) the apparatus covered by the patent "was not an invention when produced" by the patentee; (3) the said invention and system of ventilation "was not useful" when produced by the patentee or at any time.

The plaintiffs move to strike out the special pleas for the reason they are not verified as provided in section 79 of the Oregon Code of Civil Procedure; and because they are improperly pleaded with the

general issue and are "surplusage and frivolous." This motion is based upon the assumption that under section 914 of the Revised Statutes the pleadings in this action, beyond the general issue and notice allowed by section 4920 of the Revised Statutes, are governed by the local law. Said section 914, it being section 5 of the act of June 1, 1872, (17 St. 197,) provides that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and form and modes of proceeding existing at the time in like causes" in the courts of the state.

In *Nudd* v. *Burrows,* 91 U. S. 441, it was held by the supreme court that this provision did not apply to "the personal conduct of the judge in the discharge of his separate functions;" but in delivering the opinion of the court Mr. Justice SWAYNE said that the purpose of the enactment "was to bring about uniformity in the law of procedure in the federal and state courts of the same locality," which had become discordant by reason of the adoption of the Code in many of the latter, while "the common-law pleadings, forms, and practice were adhered to" in the former. To the same effect, see *Indianapolis, etc., Ry. Co.* v. *Horst,* 93 U. S. 299.

To give the enactment full effect, according to this suggestion, it would repeal sections 59 and 60 of the patent act of July 8, 1870, (16 St. 207, 208; sections 4919, 4920 of the Revised Statutes,) authorizing the action for infringement to be "on the case," and the defense thereto to be made by the plea of "not guilty," and notice of special matter. But the provision must be further construed as not affecting other provisions in prior acts of congress concerning procedure in the national courts. And this is put beyond question, so far as such provisions have been carried into the Revised Statutes and re-enacted by congress along with said section 5 of the act of 1872. Section 914, Rev. St. They are now one act, and must be construed together as statutes *in pari materia.* But still it is manifest that congress intended, by the enactment of section 914, *supra,* to require uniformity in the procedure in the national and state courts "as near as may be." But this uniformity "may not be," when it is otherwise provided by an act of congress, or where, as was said in *Indianapolis, etc., Ry. Co.* v. *Horst, supra,* some "subordinate provision" in the state statute is rejected by the judges of the national courts, because it "would unwisely incumber the administration of the law or tend to defeat the ends of justice in their tribunals."

Allowing, then, that the defendant, in an action "on the case," which is essentially the same as an action under the Code, may plead the general issue and give notice of the special matter, ought not his plea to be verified according to the local law? The law of congress is silent upon the point, and there is nothing in the local law requiring the verification of a pleading by the oath of the party which is

calculated either to "unwisely incumber the administration of the law" or "to defeat the ends of justice," but the contrary. The verification of pleadings, by which the contention between litigants is narrowed to the minimum, is calculated to promote the ends of justice by constraining the parties to limit their controversy to such matters as they can respectively affirm and deny on oath. I think the local law requiring it is within the purview of the act of congress, and that, therefore, the pleadings in this action ought to be verified,— not only the special pleas, which are in addition to the general issue allowed by section 4920, *supra*, but the latter also. The right to plead the general issue and give notice of the special matters affecting the validity of the patent, instead of pleading them specially, is a privilege of which the defendant may avail himself at his option. He may still plead the fact or matter specially, without giving any other notice of it. *Evans* v. *Eaton*, 3 Wheat. 503. But the five matters which may be thus given in evidence under the general issue are not the only defenses to an action for infringement. Walker, in his late work on Patents, (section 440,) enumerates 27 of them. These, except such as are based upon a fact of which the court will take judicial notice, as that the matter covered by the patent is not patentable or is not an invention, may be the subject of a special plea, and, with the exception of such defenses and the five above referred to, must be specially pleaded, both at common law and under the Code of Oregon. *Wilder* v. *Gayler*, 1 Blatchf. 598; Curt. Pat. §§ 357, 358; Walk. Pat. § 442; Code Civil Proc. § 72.

The objection that these special pleas are wrongly pleaded with the general issue is not well taken, either at common law or under the Code. At common law the defendant might plead with the general issue any special plea that did not require a different mode of trial— that concluded to the country—except that of tender; and this was excepted from the rule because it was an admission of the cause of action. Gould, Pl. *c.* 8, § 27. And under the Code a defendant may, besides controverting the allegations of the complaint by denying them, which is in substance and effect the general issue, plead as many defenses as he may have. But he must state them separately, and each is in effect a special plea. Code Civil Proc. tit. 9, *c.* 10. My conclusion is that the proceedings in an action for infringement, both of the plaintiff and defendant, except as otherwise specially provided by the act of congress, are governed by and must conform to the local law.

The special pleas not being verified, as required by that law, the motion to strike them out is allowed, (Code Civil Proc. § 81,) and if it had included the general issue it would have been allowed as to that also. And this conclusion renders it unnecessary to decide whether the pleas are frivolous or not. The first one, which is founded on section 38 of the patent act of 1870, (section 4900, Rev. St.,) does not allege that the defendant was not notified of the infringement

otherwise than by the word "patented" being affixed to the patented article. The second one appears to be a mere repetition of the special matter of which notice is already given under the general issue—that the patentee was not the original and first inventor of the thing patented. This is sufficient cause for striking it out. *Read* v. *Miller*, 2 Biss. 16. But the third one seems to be founded on a good defense, which is not previously stated. Walk. Pat. § 448.