## OSBORNE *v.* CITY OF DETROIT.

*(Circuit Court, E. D. Michigan.* January 11, 1886.)

1. COURTS—RULES OF PRACTICE IN UNITED STATES COURTS.
   Section 914 of the Revised Statutes, adopting the practice of the several states, should be construed in connection with section 918, authorizing the federal courts to adopt rules of their own.
2. SAME—CALLING CASE FOR HEARING.
   Hence. where there was no state statute nor rule of court prescribing the time when an issue of law could be called up for hearing, it was held that a rule of the circuit court, authorizing it to be called up upon five days' notice, was valid, notwithstanding the practice in the state courts did not permit it to be heard until the next term.

On Motion to Postpone Argument of Demurrer.

*Henry M. Duffield,* for the motion.

*F. H. Canfield, contra.*

BROWN, J.   A demurrer was filed to the declaration in this case, and was brought up on five days' notice, under rule 31 of this court, which provides that notices of trials of all civil issues of fact shall be served at least 14 days before the first day of the term at which the trial is intended to be had; but that issues of law may be brought on at any time upon five days' notice.   It is claimed that this rule is inoperative in view of the act of June, 1872, (Rev. St. § 914,) requiring the practice of the circuit courts to conform to that of the state courts, and that the demurrer must stand for hearing at the next term.   The question is as to whether the state practice shall regulate the practice of this court in this particular, or whether we are at liberty to adopt a practice of our own.   There is no law or statute of the state upon this subject, nor is there any rule of court with regard to the time when a demurrer shall be brought on for hearing.   The only intimation we find upon the subject with regard to the practice in this state is contained in 1 Green, Pr. 233, wherein it is ·said that "at the next term after an issue of law is formed, the cause is placed upon the calendar by the clerk, under the head of 'Issues of Law,' to be taken up for argument in its proper order."   In Burrill, Pr. 201, it is said that "it becomes the duty of the attorney for the party demurring to bring on the issue for argument at the earliest calendar term after issue joined."

Now, the question is whether, in view of this rather indefinite practice of the state courts, we have not the power to adopt a rule upon the subject.   Section 914 provides that the practice in the circuit courts shall conform "as near as may be" to the practice of the state courts.   Section 918, however, which is a part of the Revised Statutes, and which we think is to be read in connection with the above section, provides that the several circuit courts may from time to time make such rules or orders as they may deem necessary or con-

venient for the advancement of justice and the prevention of delays. Now, as these two sections are found in the same act, it seems entirely clear that section 914 was not intended to abolish the power of the circuit courts to make rules of procedure in cases where there are no rules prescribed by the state courts. In the case of *Ricard* v. *Inhabitants of New Providence*, 5 Fed. Rep. 433, cited by the defendant here, the court required the practice to conform to a statute, or practice act of the state. Not only was the state practice fixed by law, but there was evidently no rule of practice of the federal court upon the subject, and it was very properly held that the practice act, which indicated the time within which the plaintiff was required to file his declaration, must control.

In *Republic Ins. Co.* v. *Williams*, 3 Biss. 370, it was held that the act of June, 1872, abrogated the rules of the circuit court in Wisconsin in common-law cases so far as they were inconsistent with the state practice. This case was decided in November, 1872, immediately after the act of June, 1872, was passed, and before the Revised Statutes were adopted. Perhaps, in view of the later act, the general language used in this opinion may admit of some qualification, particularly where the state practice is not fixed by any definite rule or statute. We think it was the intention of congress, in adopting the Revised Statutes, to preserve the power of the circuit courts to make rules where the state statute is silent.

A case still nearer in point is that of *Rosenbach* v. *Dreyfuss*, 2 Fed. Rep. 23, in which it was held by Judge CHOATE that the time within which a demurrer should be noticed for hearing having been prescribed by the New York Code, the provision was obligatory upon the federal courts. As the time was definitely fixed by the statute, we see no objection to the ruling. On the other hand, it is settled by a great number of cases that the object of the act of 1872 was to adopt the Code practice, which had become so general in the different states; that the conformity required was only as near as might be convenient; that it did not extend to the conduct of the judges upon the bench, nor to statutes allowing instructions only as to the law of the case, and requiring such instructions to be in writing, (*Nudd* v. *Burrows*, 91 U. S. 426;) nor to a requirement that the court shall instruct the jury to find specially upon particular questions of fact, (*Indianapolis R. Co.* v. *Horst*, 93 U. S. 291;) nor to disturb the settled law of the federal courts with respect to granting or refusing new trials, (*Newcomb* v. *Wood*, 97 U. S. 581;) nor to the means of enforcing or revising a decision once made, (*U. S.* v. *Train*, 12 Fed. Rep. 852.)

In *Erstein* v. *Rothschild*, 22 Fed. Rep. 61, Mr. Justice MATTHEWS held that where a writ of attachment had been issued in a suit in the federal court upon a defective affidavit, that the court might allow such affidavit to be amended, although under the state practice it could not be done. The learned justice held in that case that the act of congress did not require the adoption with the local statutes of the

local interpretation which may have, been put upon them, and that it could not be supposed that it was the intention of congress to place the courts of the United States, in reference to their own practice and procedure, upon the footing merely of subordinate state courts, required to look from time to time to the supreme court of the state for authoritative rules for their guidance in those details. The opinion was a very elaborate one, and the learned justice held that we were not in all cases bound by the state practice, but were bound to conform to that practice "as near as may be;" that we had a certain amount of discretion, and might consult the convenience of the court.

In conclusion, we are clearly of the opinion that where there is no state statute on the subject, and no rule of court, it is within the power of this court to adopt a rule providing that issues of law may be heard within five days, and that the parties are not compelled to wait until the next term of court. We therefore hold that the objection is not well taken, and that the demurrer may be argued at this term.