UNITED STATES OF AMERICA v. ESTATE OF BER-
NICE PAUAHI BISHOP, DECEASED, AND
JOSEPH O. CARTER *et al*. TRUSTEES UNDER
THE WILL OF BERNICE PAUAHI BISHOP, DE-
CEASED; OAHU RAILWAY AND LAND COM-
PANY, A CORPORATION: THE DOWSETT COM-
PANY, LIMITED, A CORPORATION: THE HO-
NOLULU SUGAR COMPANY, A CORPORATION:
HONOLULU PLANTATION COMPANY, A COR-
PORATION: CHOW AH FO, JOHN L. ESTATE,
LIMITED, A CORPORATION: WILLIAM G.
IRWIN, OAHU SUGAR COMPANY, LIMITED, A
CORPORATION; BISHOP & COMPANY, A CO-
PARTNERSHIP.

DECIDED: OCTOBER 7, 1901.

1.  In the absence of any law of the Territory of Hawaii, or of any rule
    either of the courts of the Territory or of this Court declaring that
    in an action of eminent domain, that the answers shall be unveri-
    fied, it is within the power of the Court to require that verified
    answers shall be filed to the verified petition or complaint, in con-
    formity to the usual and uniform rule of pleading that when a
    complaint or petition is by law required to be verified, a veri-
    fied answer shall be made thereto.
2.  The oath of defendant to the allegations of his answer is quite as
    much in the interest of the enforcement of public justice as the
    oath of the plaintiff to his petition.
3.  Sections 914 and 918 of the Revised Statutes of the United States
    should be considered together. A discretion is left with both the
    Circuit and District Courts of the United States to so arrange their
    practice, pleadings and forms and modes of proceeding as "may
    be necessary for the advancement of justice and the prevention
    of delays in proceedings."
4.  Where a motion to strike out certain portions of the answers of
    defendants was granted, and certain defendants, instead of strik-
    ing out the objectionable matters and filing the original answers
    as amended, filed new and different answers consisting of a general
    denial unverified, with a notice of what the defense would be
    forming a part of said answers, a motion to strike said amended

answers, so-called, from the files granted, with leave to defendants to file the original answers, re-engrossed and verified, to conform to the original order of the Court.

EMINENT DOMAIN. MOTION TO STRIKE OUT CERTAIN AMENDED ANSWERS.

*J. J. Dunne,* United States Assistant District Attorney, appearing for the plaintiff.

*Hatch & Silliman,* appearing for the defendants, Oahu Sugar Company, Limited, Oahu Railway and Land Company, Limited, Honolulu Plantation Company, and The Dowsett Company, Limited, defendants concerned in the motion.

ESTEE J. On the 6th day of July, 1901, this action was instituted by the filing of a verified complaint on the part of the United States and the issuance of a summons directed to all of the defendants named in the said petition; thereafter, on the 26th day of July, 1901, the said summons was returned and filed with return of service made by the Deputy United States Marshal, upon the following named defendants to wit:

Estate of Bernice Pauahi Bishop, deceased, Oahu Railway and Land Company, Limited, The Dowsett Company, Limited, Honolulu Sugar Company, Honolulu Plantation Company, John Ii Estate, Limited, William G. Irwin, Bishop & Company, and the Oahu Sugar Company, Limited.

Thereafter, verified answers were filed in the case by the defendants, Oahu Sugar Company, Limited, The Honolulu Plantation Company, Limited, The Oahu Railway and Land Company, Limited, the Estate of Bernice Pauahi Bishop, deceased, Estate of John Ii, Limited, and Bishop & Company. Each of said verified answers contained a claim for a jury trial as a part of the allegations thereof.

The attorney for the petitioner deeming said matter irrelevant, made a motion to strike out all that portion of each of said answers relating to the claim for a jury trial, and this Court on the 18th day of September, ordered said matter stricken from each of said answers and by its written order gave each

of the defendants ten days within which to file amended answers thereafter "and to take such other steps as they may be advised."

Within said ten days, the defendants, John Ii Estate, Limited, Bishop & Company and the Estate of Bernice Pauahi Bishop, deceased, filed answers, similar in form and substance as their original answers with the redundant matter stricken out, and these answers were verified as were their original answers.

While the defendants, Oahu Sugar Company, Limited, the Oahu Railway and Land Company, and the Honolulu Plantation Company filed so-called amended answers which were new and different answers entirely. They were general denials unverified, and forming a part of each answer were notices of what the defense to the action would be.

The Dowsett Company, Limited, filed its first answer in the case on September 20th, 1901, in form a general denial and unverified.

Thereafter, on the 23rd day of September, the attorney for the petitioner made a motion to strike out all of the answers of these last named defendants, said motion being upon the ground that said so-called "answers" or "amended answers" were and each of them was "unverified, unauthorized by any law or rule or order of Court, sham, irrelevant, contradictory, inconsistent, insufficient, substituted but not amended matter, not specific and evidentiary and probative."

This motion came on regularly to be heard on September 30th, 1901, and it is this motion the Court is now considering.

The principal question arising under this action so far as the defendants, Oahu Sugar Company, Limited, Oahu Railway and Land Company and The Honolulu Plantation Company are concerned, is whether they have gone beyond the scope of the order of this Court striking out the irrelevant and redundant matter complained of in the first motion to strike out portion of each of the original answers.

It seems to me clear that there could be no such construction placed upon such order as would entitle these defendants

to take the steps they have taken in this matter. The order was intended simply to allow the filing of amended answers with the offensive matter stricken therefrom, and as that matter was copied in the order and related entirely to the question of a claim for a jury trial, it could not be misunderstood. The words "and take such other steps as they may be advised" was intended by the Court to give said defendants an opportunity to renew their application for a jury in any proper manner.

This was evidently clear to the other defendants in the case appearing upon the first motion, for they filed verified answers herein with the redundant matter stricken out.

But counsel claims they are following the local practice in the Courts of this territory by filing this form of an unverified answer and that as the United States is proceeding under the provisions of the Act of Congress of August 1, 1888, that this Court is bound to follow the same territorial laws in relation "to practise, pleading, forms and modes of proceeding."

It should be noted that the single object of condemnation proceedings is to fix the compensation for the property taken. *O'Hare v. Railroad,* 139 Ill. 151; *Lamb v. Schottler et al.,* 54 Cal. 319; *Garrison v. New York,* 21 Wall, U. S. 196.

And the object of all trials is to bring out the truth, and as the pleadings precede the trial, the pleadings should allege the truth. That cannot be done under a verified complaint and an unverified answer. As a rule the one is the solemn testimony of the plaintiff himself; the other the unverified allegations of defendant's attorney. The one confines plaintiff to exact and truthful statements under oath; the other opens wide the field of inquiry by unverified allegations which may be true or false but which necessarily lead to delay and which can serve no good purpose.

Section 2 of the Act of Congress of August 1, 1888, being "An Act to authorize condemnation of land sites for public buildings and other purposes", under which this proceeding is instituted, is almost identical in language with Section 914

of the Revised Statutes of the United States, which prescribes that:

"The practice, pleadings and forms and modes of proceeding in civil causes..........in the Circuit and District Courts shall conform as near as may be to the practice, pleadings, forms and mode of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of the Court to the contrary notwithstanding."

Section 918 of the Revised Statutes, forming a part of the same Act as Section 914, and embodied in the rules of this Court, provides:

"That the several Circuit and District Courts may from time to time, and in any manner not inconsistent with any law of the United States or with any rule prescribed by the Supreme Court, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice, as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

It is clear that any construction by the Courts of the language of Section 914 of the Revised Statutes would be equally applicable to Section 2 of the Act of August 1, 1888.

As was said by the Supreme Court of the United States in construing Section 914 of the Revised Statutes and other Sections thereof including Section 918,—

"It is obvious that a strict and literal conformity to the state provisions regulating procedure is practically impossible or at least not without overturning and disarranging the settled practice in the Federal Courts. *Shepard v. Adams*, 168 U. S. 618-624; also quoting approvingly from the case of *Indianapolis & St. Louis R. R. Co. v. Horst*, 93 U. S. 291, where a similar view was taken and the Court there saying:

"The conformity is required to be '*as near as may be*,' not as near as may be possible or as near as may be practicable.

The indefiniteness may have been suggested by a purpose; it devolved upon the judges to be affected the duty of construing and deciding and gave them the power to reject as Congress doubtless expected they would do, any subordinate provision in such state statute which in their judgment would unwisely encumber the administration of the law or tend to defeat the ends of justice in their tribunals."

It was also held by the Supreme Court in the case of *In re Chateaugay Ore & Iron Co.*, petitioner, 128 U. S. 544, that "the practice and rules of a state Court do not apply to the proceedings taken in a Circuit Court of the United States for the purpose of reviewing in this Court, a judgment of such Circuit Court; and that such rules and practice embracing the preparation, perfecting, settling and signing of a bill of exceptions, are not within the practice, pleadings, forms and modes of proceeding which are required by Section 914 of the Revised Statutes to conform as near as may be to those existing at the time in like causes in the Courts of Record of the state." See also *S. P. R. R. Co. v. Denton*, 146 U. S. 202.

It would appear also from the provisions of Section 918 above quoted, and the foregoing decisions that the two Sections, 914 and 918 should be considered together and that while this Court should conform to the practice, and pleading, forms and mode of proceeding of the state Courts, as near as may be, yet a discretion is left with both the Circuit and District Courts to so arrange their practice, pleadings, forms and modes of proceeding as "may be necessary for the advancement of justice and the prevention of delays in proceedings." (¹)

The forms of pleading in the territorial Courts of Hawaii are certainly original with this territory, although it is claimed that the following has been the law for over fifty years.

It is provided by Section 1215 of the Civil Laws thereof, that:

"Every civil action hereafter to be tried in any of the Courts of record in this Republic (now Territory) shall be commenced by petition, which petition shall be verified by the oath

10—U. S. D.

of the plaintiff or some one in his behalf deposing to the best of his knowledge and belief."

Plaintiff complied with this requirement of the statute and verified its petition filed herein.

As to the answers to be interposed, Section 1223 of the same Civil Laws provides:

"It shall be incumbent upon every defendant served with process of summons...........to file with the Clerk of the Court, an answer to the plaintiff's demand, either admitting all the facts stated in the petition to be true, and denying that they are sufficient in law to support the plaintiff's demand, ..........or denying the truth of the facts stated in the petition which shall form an issue of fact to be determined by the jury. After either of these answers, there shall be no further pleading."

I have been unable to find any other statute of the Civil Laws of Hawaii or any rule of Court requiring either that the said answer should or should not be verified. But all petitions (or complaints) must be so verified. This Court assumes that from the very nature of the answer prescribed in Section 1223, it must be verified, because the answer *must deny the truth* of the facts stated in the (sworn) petition, in order that they shall form "an issue of fact to be determined by the jury."

There is nothing in the rules of this Court upon the subject of verification of pleadings in cases of this character.

But the pleader has no right to assume that because the statute is silent on the single point as to the verification of the answer while requiring a verified complaint, that the usual and uniform rule of pleading shall not be followed, namely, that when the complaint or petition is by law required to be verified that a verified answer shall be made.

"The office of a pleading is to present the cause of action on the one side and the defense on the other and this is true of any system of pleading. The principles of pleading, whatever the system, are always the same."

*Boone on   Code Pleading,*   Sections 2   and 3.   *Budding-ton v. Davis,* 6 How. Prac. 401.

*County v. Decker,* 30 Wis. 624.

This opinion is not intended in any way to influence the practice in the territorial Courts except as such practice would interfere with the usual rules of pleading in this Court. It is clear to the Court that the oath of defendant to the allegations of the answer is quite as much in the interest of the enforcement of public justice as the oath of plaintiff to his petition, and it seems unreasonable to put the plaintiff upon his oath and leave the defendants to file any sort of an unverified denial they may see fit. And so in the absence of any law of the Territory of Hawaii, or of any rule of either the Courts of the territory or of this Court, declaring that in this form of action, the answers shall be unverified, this Court must hold that it is within its power to require that verified answers shall be filed to the verified petition or complaint herein.

It has been held that—

"The verification of pleadings by which the contention between litigants is narrowed to the minimum is calculated to promote the ends of justice by constraining the parties to limit their controversy to such matter as they can respectively deny and affirm on oath." *Cottier v. Stimson,* 18 Fed. 689, 691. *Osborne v. City of Detroit,* 28 Fed. 385-8. *Erstein v. Rothschild,* 22 Fed. 61, 64.

The foregoing is the rule adopted in other United States Courts and it seems sustained by the better reasoning.

. In conclusion, therefore, this Court holds that the so-called amended answers of the Oahu Railway and Land Company, the Oahu Sugar Company and the Honolulu Plantation Company, should be stricken from the files because they are not within the terms of the order of this Court dated September 18, 1901, striking out a portion of the original answers of said defendants theretofore filed herein, are general denials and not verified; and that the answer of Dowsett Company, Limited,

be stricken from the files upon the ground that it is unverified and a general denial.

That the defendants, Oahu Railroad and Land Company, Oahu Sugar Company and Honolulu Plantation Company shall each have three days from the date hereof, within which to file their original answers re-engrossed to conform to the order of this Court previously made, striking from said answers their and each of their claims for a jury trial; and the defendant, Dowsett Company, Limited, is hereby given three days from the date hereof within which to file a duly verified amended answer.

Note 1. See the case of *Berger v. Bishop*. *Infra*. P 405