## SAWIN, ADMINISTRATOR, v. KENNY.

Under the Code of Practice of Arkansas, in force when this judgment was rendered, and therefore furnishing a rule of practice for the courts of the United States in that State, an action on a contract, upon which two or more persons were jointly bound, might be brought against all or any of them; and, although they were all summoned, judgment might be rendered against any of them severally, where the plaintiff would have been entitled to a judgment against such defendants if the action had been against them alone.

ERROR to the Circuit Court of the United States for the Eastern District of Arkansas.

Kenny and Foley, the plaintiffs below, sued Sawin and the Little Rock, Pine Bluff, and New Orleans Railroad Company, upon a contract which on its face appeared to have been executed by and to bind only Sawin, of the one part, and Kenny and Foley, of the other. A copy of the contract was attached to and made part of the complaint; which alleged that, although executed in the name of Sawin, it was, in fact, the contract of the railroad company, and that Sawin, by signing it, became liable jointly with the company for the performance of its obligations. The averment was then made, that the "railroad company, by virtue of said contract, and the said Daniel C. Sawin, by signing the same and making himself party thereto, . . . were indebted to said plaintiffs for work and labor done, and materials furnished, under said written contract, in the principal sum of $8,816.08;" for which, with interest, a judgment was asked.

The defendants answered separately; the railroad company denying the execution of the contract and all liability under it. Sawin also denied the execution of the contract by the railroad company, and claimed that he alone was bound by it. He then set out his defence to the claim as made against him, and, among other things, said, "It is not true that the said railroad company and this defendant, or either of them, were . . . indebted to the said plaintiffs in the sum of $8,816.08, for materials furnished, or work done, by said plaintiffs; and this defendant avers, that the entire sum due from this defendant to said plaintiffs, at the time of the commencement of this suit for said materials furnished and work done under said contract,

was the sum of $2,500, for which this defendant hereby offers to let judgment go against him."

A trial was then had to a jury upon the issues joined, which resulted in a verdict in favor of the railroad company, but against Sawin, for $9,131.98. After the verdict, Sawin moved an arrest of judgment against himself; assigning for cause: —

1. That the said plaintiffs did not by their said complaint state facts sufficient to constitute a cause of action; and —

2. That said plaintiffs have not by their said complaint stated or shown any right or cause of action against the defendant.

This motion was overruled, and judgment entered on the verdict. The case coming here upon writ of error, the only error assigned is the refusal of the court to arrest the judgment.

Submitted, on printed arguments, by *Mr. Quinton Corwine* for the plaintiff in error, and by *Mr. A. H. Garland* for the defendant in error.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

We think the court below decided correctly. By the Code of Practice of Arkansas, which was in force when this judgment was rendered, it was provided, that, "Where two or more persons are jointly bound by contract, the action thereon may be brought against all or any of them, at the plaintiff's option" (sect. 4480, Gantt's Dig., 1874); that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants" (sect. 4701); and that, "though all the defendants have been summoned, judgment may be rendered against any of them severally, where the plaintiff would be entitled to judgment against such defendants if the action had been against them alone" (sect. 4704). This, under the act of June 1, 1872 (17 Stat. 187, sect. 5; Rev. Stat. 914), furnished a rule of practice for the courts of the United States in that State. Clearly, in this case, if the action had been brought against Sawin alone, judgment could have been entered against him on this verdict. He, in his answer, acknowledged his liability upon the contract, which is the foundation of the action, and offered to confess judgment

for $2,500.    After that, as between him and the plaintiffs, the only question was one of amount.    Substantial justice has, therefore, been done between these parties; and, by the operation of these remedial provisions of the code, the sacrifice of substance to mere form and mode of proceeding has been prevented.

*Judgment affirmed.*