UNITED STATES *v.* TRAIN and others.

*(Circuit Court, D. Massachusetts. July 26. 1882.)*

1. PRACTICE AND PROCEDURE—SECTION 914, REV. ST.

Section 914 of the Revised Statutes, providing that the practice and procedure in the United States courts shall conform as near as may be to the practice and procedure existing at the time in like causes in the courts of record of the state within which such courts are held, does not extend to the means of enforcing or revising a decision once made.

2. SAME—PROCEEDINGS AFTER TRIAL.

The object of this section was to assimilate the form and manner of presenting claims and defences in the preparation for and trial of suits to those prevailing in the state courts, and does not include statutes requiring instructions to be in writing, or permitting instructions and certain papers to be taken by the jury when they retire, or requiring the jury to be directed to find specially upon particular questions of fact, nor to the manner or time of taking a case from one federal court to another by writ of error, bill of exceptions, or appeal.

*P. Cummings* and *Geo. P. Sanger,* for the United States.

*J. O. Teele,* for defendant.

Before GRAY and LOWELL, JJ.

GRAY, Justice. This is a motion to dismiss a writ of error sued out of the United States to reverse a judgment of the district court in favor of the defendants in error in an action at law brought against them as sureties on the bond of a paymaster in the navy.

The case was tried in the district court at October term, 1880. The verdict for the defendants was returned on the twelfth of January, 1881, the term ended on the fourteenth of March, 1881, and the case was continued to the next term, at which, on the ninth of April, a bill of exceptions was filed by the United States, which the parties, by stipulation in writing, agreed should have the same force and effect as if it had been filed on the last day of the term at which the verdict was rendered, and which was afterwards allowed by the district judge and ordered to be filed as of the date of the verdict before the jury left the bar.

The ground of the motion to dismiss is that the bill of exceptions was not filed within three days after the verdict, or within such further time, not exceeding five days, unless by consent of the adverse party, as the judge might allow, in accordance with the rule prescribed by the statutes of Massachusetts in the case of exceptions to the rulings of a judge of the supreme judicial court, or of the superior court. Mass. Gen. St. *c.* 115, § 7; Mass. Pub. St. *c.* 153, § 8; *Com.* v. *Greenlaw,* 119 Mass. 208.

The defendants rely upon section 914 of the Revised Statutes, re-enacting the fifth section of the act of congress of June 1, 1872, c. 255, and providing that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

But the context of the act, and the judgments of the supreme court, show that this provision is not to be understood in the broadest sense, nor as extending to the means of enforcing or revising a decision once made.

That this section does not extend to proceedings after judgment appears by the very next section, making special and peculiar provisions as to attachment, execution, or other process against a defendant's property, and borrowing from the laws of the state those remedies only which already exist, or which may be adopted by rule of the federal courts.

The object of the former section was to assimilate the form and manner in which the parties should present their claims and defences, in the preparation for and trial of suits in the federal courts, to those prevailing in the courts of the state. It does not include state statutes requiring instructions to the jury to be reduced to writing; or permitting such instructions and certain papers read in evidence to be taken by the jury when they retire; or requiring the jury to be directed, if they return a general verdict, to find specially upon particular questions of fact involved in the issues. *Nudd* v. *Burrows*, 91 U. S. 426; *Sawin* v. *Kenny*, 93 U. S. 289; *Indianapolis & St. L. R. R.* v. *Horst*, Id. 291; *West* v. *Smith*, 101 U. S. 263. It does not apply to motions for a new trial, nor, whatever rule may be prescribed by the statutes of the state upon that subject, does it control or affect the power of the federal courts under the judiciary act of September 24, 1879, c. 20, § 17, and under section 726 of the Revised Statutes, to grant or refuse a new trial at their discretion. *Indianapolis & St. L. R. R.* v. *Horst*, above cited; *Newcomb* v. *Wood*, 97 U. S. 581.

The reasons are yet stronger against construing it as subjecting to the provisions of state statutes the manner or the time of taking a case from one federal court to another by writ of error, bill of exceptions, or appeal. These matters are regulated exclusively by the acts of congress, or, when those are silent, by rules derived from the

common law, from ancient English statutes, or from the practice of the courts of the United States. Congress has provided that a writ of error from this court to the district court shall be sued out within one year from the judgment below. Rev. St. § 635. And the only regulation that it has made as to bills of exceptions is that contained in section 953 of the Revised Statutes, re-enacting the fourth section of the act of 1872, and providing that they shall be sufficiently authenticated by the signature of the presiding judge, without any seal.

The bill of exceptions might therefore be allowed by the judge at any time during the term at which the verdict was rendered. *Muller* v. *Ehlers,* 91 U. S. 249; *Hunnicutt* v. *Peyton,* 102 U. S. 333. And the parties having agreed that it should be treated as if filed on the last day of that term, the motion to dismiss must be denied.

See *Perry* v. *Mechan. Mut. Ins. Co.* 10 FED. REP. 479; *U. S.* v. *Griswold, Id.* 810; *Castro* v. *De Uriarte,* 12 FED. REP. 250, and note, 259.