## HUGHEY v. SULLIVAN.

(Circuit Court, S. D. Ohio. March 10, 1897.)

No. 4,884.

1. STATE STATUTES—NEW TRIAL—RULE OF PROPERTY.
    Rev. St. Ohio, § 5306, providing that "a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action where the damages equal the actual pecuniary injury to the plaintiff," cannot be read as a proviso to section 6134, giving a right of action for the unlawful killing of another, and is therefore not a rule of property binding on the federal courts in an action under the latter section.

**2.** RULES OF PRACTICE—WHEN BINDING ON FEDERAL COURTS.

Rev. St. § 914, providing that the practice and modes of proceeding in the federal courts shall conform as near as may be to the practice in the courts of record of the state within which such courts are held, does not disturb the settled law of the federal courts with respect to granting or refusing new trials, and a state statute providing that a new trial shall not be granted on account of the smallness of damages is not binding on a federal court.

**8.** CONSTITUTIONAL LAW—STATUTE IMPAIRING RIGHT OF TRIAL BY JURY.

A state statute providing that a new trial shall not be granted on account of the smallness of the damages is, if applicable to the federal courts, in violation of the seventh amendment to the federal constitution, which provides that "the right of trial by jury shall be preserved, and no fact tried by jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law."

Motion to Vacate Order Granting a New Trial.

Sidney G. Striker, for plaintiff.
Coppock & Gallagher, for defendant.

HAMMOND, J. In this case, which is an action for the wrongful killing of another, a new trial was granted, because, in the opinion of the court, the damages assessed by the jury were inadequate. The defendant now moves to vacate that order, upon the ground that section 5306 of the Revised Statutes of Ohio forbids it. That section reads as follows:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action where the damages equal the actual pecuniary injury to the plaintiff."

The argument submitted in favor of the motion is that this is a rule of property prescribed by the legislature of Ohio; that, inasmuch as an action for the wrongful killing of another is purely statutory, the plaintiff must be bound by the limitations placed upon it. It is contended that this section of the statute is to be read in connection with section 6134 of the Revised Statutes, giving the right of action in cases of this character, and operates as a proviso thereto, so that it shall read: "Provided, that the plaintiff in such action shall not have a second trial by reason of inadequacy of damages." The trouble with this argument is that the legislature itself has not proceeded upon that theory, nor has it confined the restriction to that class of actions which are purely statutory, and particularly it has not placed it upon that provision of the statute giving damages for the wrongful killing of another. The section 5306, forbidding new trials, first applies to all classes of injuries to the person or reputation, and then a sweeping clause includes every other action where the pecuniary injury has been compensated. It seems to be somewhat a prohibition against giving another opportunity for punitive damages. Neither counsel has cited any adjudication by the courts of Ohio construing this section, and I shall not take time to look up the cases, but it is not impossible that the courts might hold that it does not apply at all to the action for the wrongful killing of another. In its terms, it is descriptive of "an action for an injury to the person or reputation." Of course,

in one sense the killing of another is an injury to the person, but it is not the injury to the person for which the statute of Ohio gives the damages for the killing. The new action is confined to the pecuniary loss sustained by the surviving relatives who are entitled to it. It does not proceed from the person killed, but as a direct grant to the relatives, and possibly this action cannot be at all brought within the prohibitory section concerning new trials; or, if so, it falls within the last clause of that section, and not the first; and then since, in the opinion of the court, the damages given by the jury do not "equal the actual pecuniary injury to the plain tiff," a new trial is not prohibited. Again, the attention of the legislature of Ohio was directly concerned in placing a limitation upon the amount to be recovered for the wrongful killing of another, and the maximum was fixed at $10,000. If the legislature had intended to fix a minimum limitation, or rather to lower the maximum under certain conditions, that was the place to do it; and we may assume that it had no such intention from the fact that it did not. This section 5306 is a rule of practice, and is found in the practice part of the Code, being intended to regulate the action of the state courts in the matter of granting new trials; and any limitation that it may place upon the amount of damages to be recovered for personal injuries is purely incidental. It is a mere closing of the courts after one trial, somewhat like the operation of the statute of limitations. The section is not in pari materia with the other statute giving the right of action, and therefore is not within the rule requiring them to be construed together. One is an act establishing the right of property, and is upon an entirely different subject from the other regulating the practice of the courts. As a practice act, it is not binding on us, not being within the purview of Rev. St. U. S. § 914.

Mr. Justice Gray, speaking for the supreme court and of the federal courts, says:

"In regard to motions for a new trial and bills of exceptions, those courts are independent of any statute or practice prevailing in the courts of the state in which the trial is had." Missouri Pac. Ry. Co. v. Chicago & A. R. Co., 132 U. S. 191, 10 Sup. Ct. 65.

Previously, the same learned justice, speaking for the circuit court of the United States, and quoting section 914 of the Revised Statutes of the United States, had said, in U. S. v. Train, 12 Fed. 852, that:

"The object of the former section was to assimilate the form and manner in which the parties should present their claims and defenses in the preparation for and trial of suits in the federal courts to those prevailing in the courts of the state. It does not include state statutes requiring instructions to the jury to be reduced to writing, or permitting such instructions and certain papers read in evidence to be taken by the jury when they retire, or requiring the jury to be directed, if they return a general verdict, to find specially upon particular questions of fact involved in the issues. Nudd v. Burrows, 91 U. S. 426; Sawin v. Kenny, 93 U. S. 289; Railroad Co. v. Horst, Id. 291; West v. Smith, 101 U. S. 263. It does not apply to motions for a new trial, nor, whatever may be the rule prescribed by the statutes of the state upon that subject, does not control or affect the power of the federal courts under the judiciary act of September 24, 1789 (chapter 20, § 17), and under section

726 of the Revised Statutes, to grant or refuse a new trial at their discretion. Railroad Co. v. Horst, above cited; Newcomb v. Wood, 97 U. S. 581." U. S. v. Train, 12 Fed. 852.

It was also ruled, but upon another point of practice, by Mr. District Judge Brown (now Mr. Justice Brown, of the supreme court of the United States), that this conformity practice act does not "disturb the settled law of the federal courts with respect to granting or refusing new trials." Osborne v. Detroit, 28 Fed. 385.

It was also said by Mr. Circuit Judge Brewer (now Mr. Justice Brewer, of the supreme court of the United States) that:

"The effect of the statutes of congress, as interpreted by the decisions of the supreme court, is that this matter of new trials in civil cases, depending upon the discretion of the trial court, is something which is settled by the law of congress, and cannot be affected by any state law." U. S. v. Molloy, 31 Fed. 19, 23.

This was said in overruling a motion for a new trial, which the statutes of Missouri directly required should be granted under similar circumstances in the state court.

In the case of Railway Co. v. Putnam, 118 U. S. 545, 553, 7 Sup. Ct. 1, 2, Mr. Justice Gray, again speaking for the supreme court of the United States, denied the right of the legislature of the state to regulate the conduct of the trial judge in instructing the jury, saying: "The powers of the courts of the United States in this respect are not controlled by the statutes of the state."

So it is everywhere. The courts enforce that construction of this act of congress which does not permit it to operate as a limitation upon the independence of the federal courts, by what might sometimes be designedly obstructive, if not capricious, legislation by the states, that would seriously impair the efficient administration of the jurisdiction confided to them, and follow the indications established by the supreme court for its application only to the forms of pleading and practice, and not to the conduct of the federal tribunal in the exercise of its powers and duties under those forms of state practice and pleading to which they conform. And so it was held in Nudd v. Burrows, 91 U. S. 426, 442, in respect of a prohibition by the state legislature of oral charges, and forbidding comments upon the proof, that the administration of the judge in the discharge of his separate functions is neither practice, pleading, nor a form or mode of proceeding, within the purview of this act of congress; and in Railway Co. v. Horst, 93 U. S. 291, 301, that the determination of motions for a new trial is not within the conformity act, and cannot be affected by any state law upon the subject.

There is another view of this subject to which it may be well to call attention. It may be doubtful if this Ohio statute, prohibiting the granting of new trials for inadequacy of damages, could be held constitutional if it were binding upon the federal courts. Our federal constitution, by the seventh amendment, provides that:

"The right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law."

This does not mean only and barely that there shall be a verdict of 12 men under any conditions that may be prescribed, but that there shall be a trial by jury as understood at common law. The control of the court over the verdict after it is given is as much a part of the trial by jury as the giving of the verdict itself, and the right to have the issues tried by a second jury, or even a third jury, when the verdict of the first jury is affected by some infirmity for which the common law required the trial court to set that verdict aside, is as much a right of "trial by jury" preserved by the constitution as the first trial.

It was said in Newcomb v. Wood, 97 U. S. 581, 583, that:

"It has long been the established law in the courts of the United States that to grant or refuse a new trial rests in the sound discretion of the court to which the motion is addressed and that the result cannot be made the subject of review upon a writ of error."

It was also said in Mattox v. U. S., 146 U. S. 140, 147, 13 Sup. Ct. 50, that the allowance or refusal of a new trial rests in the sound discretion of the court, and cannot be made the subject of review by a writ of error. This and other considerations attending the subject show the importance of the part that is taken by the trial judge in the process of a trial by jury. He alone can, on the application for a new trial, correct the errors that are made by the jury; and, if legislation may control his judgment or prohibit him in the exercise of it, the right of trial by jury is to that extent impaired and restricted, and not preserved as it was known at common law. Congress clearly has no plenary power to thus impair, restrict, or destroy the right of trial by jury in any of its parts; and what congress cannot do surely the legislature of the state cannot do in the application of their legislation to the federal courts. This may have been one of the conditions that the late Mr. Justice Matthews had in mind in his very elaborate and able judgment in the case of Erstein v. Rothschild, 22 Fed. 61, where, in commenting upon section 914 of the Revised Statutes of the United States, which we have just been considering, known as the "Practice Conformity Act," and also in commenting upon the decisions of the supreme court construing that section, he said:

"It must be held that the body of the local law thus adopted in the general must be construed in the courts of the United States in the light of their own system of jurisprudence, as defined by their own constitution as tribunals, and of other acts of congress on the same subject. It can hardly be supposed that it was the intent of this legislation to place the courts of the United States in each state, in reference to their own practice and procedure, upon the footing merely of subordinate state courts, required to look from time to time to the supreme court of the state for authoritative rules for their guidance in those details. To do so would be in many cases to trench in important particulars, not easy to foresee, upon substantial rights, protected by the peculiar constitution of the federal judiciary, which might seriously affect, in many cases easily supposed, the proper co-relation and independence of the two systems of federal and state tribunals."

It was distinctly ruled in Railway Co. v. Winter's Adm'r, 143 U. S. 60, 75, 12 Sup. Ct. 356, and in Railway Co. v. Charless, 2 C. C. A. 380, 51 Fed. 562, 580, that the question whether the damages given

by a jury were excessive could not be reviewed on a writ of error; and, of course, the same rule applies to the question of inadequacy. This is because the federal constitution has prohibited the re-examination of facts tried by a jury in any other way than "according to the rules of the common law," and by the trial judge or the other judges who may perform his functions in that behalf. How, then, can the legislature prevent any re-examination at all, or forbid any re-examination as to particular facts found by the verdict, without impairing the right of trial by jury? If a statute should be passed requiring the minority of a jury to conform their judgment to the majority, and return a verdict accordingly, it would be conceded everywhere that this would be an impairment of the right of trial by jury, because it would be imposing by law upon the jury a rule of judgment not known to the common law. So, when the trial judge comes to receive the verdict, and, on proper motion, to inspect it, and determine whether or not it is affected by any infirmity which would authorize the court to set it aside, would it not be just as much impairment of the right of trial by jury if the legislature should say that he should either set it aside, or let it stand, upon some rule that it should prescribe to control his judgment? While the legislature may prescribe any rule of property or any rule of pleading or any rule of practice or any form of procedure, it cannot invade the domain of judgment either of the jury or its presiding judge, and direct what that judgment shall be, in the discharge of the respective or joint functions of either. .These must remain under the federal constitution, at least, to the government of the common law. It may be inconvenient, and sometimes, possibly, oppressive, that this restriction exists. Originally, the federal constitution did not contain it as to civil cases, and it was subsequently inserted by the amendments with other similar restrictions upon legislative power; but, wisely or unwisely, it has fixed the common-law trial by jury as that to which we are bound, and only that. If, therefore, this Ohio statute should be held to be a rule of practice or form of procedure, I should say that it was inconsistent with the constitution of the United States, and not, therefore, binding on us. As a rule of property, it cannot be imposed by this unauthorized and impossible interference with a common-law jury trial, but should have been fixed as a limitation on the statute creating the cause of action for a wrongful killing of another, directly, as the maximum limitation was fixed in other cases. The court thinks, however, that it is neither rule of property nor a mode or form of proceeding nor a rule of practice, but a statutory rule of judgment or direction to the courts of the state, by which they are required to govern their action. But in no event is it within the power of the legislature of Ohio to impose that rule of judgment upon the federal courts. The motion is overruled.