[L. A. No. 257. Department Two.—December 3, 1897.]

CITY OF LOS ANGELES, Respondent, v. WILLIAM LEAVIS et al., Defendants. JOHN H. REYNOLDS et al., Appellants.

EMINENT DOMAIN—CONDEMNATION OF LAND FOR PUBLIC STREET—POWER OF MUNICIPAL CORPORATION—STATUTORY CONSTRUCTION.—The provisions of the act of March 6, 1889, relative to the laying out, opening, extending, widening, and straightening of public streets in municipalities are not exclusive, and were not designed to prohibit a municipality from maintaining proceedings to condemn land for a public street under the provisions of part III, title VII, of the Code of Civil Procedure; and a municipal corporation has power to institute such proceedings under the code, where it has funds in the treasury available for the proposed condemnation and opening of the street, without resort first had to the method provided in the act of March 6, 1889.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order striking out a cost bill, and from an order denying a new trial. J. W. McKinley, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, for Appellants.

W. E. Dunn, and Albert Crutcher, for Respondent.

HENSHAW, J.—The city of Los Angeles brought suit to condemn land for a public street. Judgment passed for plaintiff, and from this judgment and from the order denying defendants' motion for a new trial defendants appeal.

The city instituted its action under the provisions of part III, title VII, of the Code of Civil Procedure. Before the commencement of the suit it had not resorted to the steps and processes contemplated by the statute of March 6, 1889, relative to the laying out, opening, extending, widening, and straightening of public streets in municipalities. (Stats. 1889, p. 70.)

The single proposition here advanced by appellants is, that the city had no power or authority to commence or maintain this action without resort first had to the method provided in this statute.

This contention we think is untenable. The provisions of the act of March 6, 1889, are not exclusive, and were not designed to prohibit a municipality from maintaining condemnation proceedings under the provisions of the Code of Civil Procedure. It may and will usually happen that a municipality proposing to open a new street will adopt the machinery provided for by the statute, if for no other reason than that it contemplates the formation of an assessment district, and the imposition of the cost of the opening of the street upon the property of that district. But, upon the other hand, if it shall happen that a municipality has in its treasury funds available for the proposed condemnation and opening of a street, no good reason can be seen why it should not pay these expenses out of its treasury and relieve property owners of the unnecessary burden of taxation. In *Pasadena v. Stimson*, 91 Cal. 238, the court, after quoting section 1001 of the Civil Code, wherein it is provided that any person may, without further legislative action acquire private property for any use specified in section 1238 of the Code of Civil Procedure, declared: "A corporation, whether private or public, is a person. It follows, therefore, that under this general law, general in the widest and fullest sense of the term, any public or private corporation, or any natural person, may, for any of the uses defined in section 1238 of the Code of Civil Procedure, acquire property, without the consent of the owner, by means of the proceedings

described in part III, title VII, of said code." In *Santa Cruz v. Enright*, 95 Cal. 105, the same construction is given to the law.

The judgment and orders appealed from are therefore affirmed.

Temple, J., and McFarland, J., concurred.