## YOUNG, ADMINISTRATRIX, *v.* CENTRAL RAILROAD COMPANY OF NEW JERSEY.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 389.   Argued February 26, 1914.—Decided March 9, 1914.

The Circuit Court of Appeals having, pursuant to the state court practice in Pennsylvania, reversed a judgment in favor of the plaintiff and remanded to the trial court with instructions, not for new trial, but for judgment for defendant, *non obstante veredicto,* this court affirms the judgment of reversal so far as the case is remanded to the trial court, but reverses it as to the direction to enter judgment for defendant, and remands the case to the trial court for a new trial conformably with the provisions of the Seventh Amendment. *Slocum* v. *New York Life Insurance Co.,* 228 U. S. 364.

200 Fed. Rep. 359, modified and affirmed.

THE facts are stated in the opinion.

*Mr. Ulysses S. Koons,* with whom *Mr. Vedantus B. Edwards* was on the brief, for plaintiff in error.

*Mr. Arthur G. Dickson,* with whom *Mr. Arthur W. Rinke* was on the brief, for defendant in error.

Memorandum opinion by direction of the court. By MR. CHIEF JUSTICE WHITE.

As administratrix of the estate of her deceased husband, the plaintiff in error sued to recover for the loss occasioned by his death alleged to have resulted from the negligence of the defendant railroad company. Over the objection of the defendant the case was submitted by the trial court to the jury and from the judgment entered on the verdict rendered against the railroad company, error was by the company prosecuted from the Circuit Court of Appeals. On the hearing that court concluding that the evidence did not justify the submission of the case to the jury, reversed the judgment and in passing upon a motion made by the railroad company in the trial court, pursuant to the Pennsylvania practice for judgment in its favor *non obstante veredicto* it was held that the motion was well taken and the case was remanded to the trial court not for a new trial, but with directions to enter a judgment for the defendant. (200 Fed. Rep. 359.) As the case as made by the pleadings depended not merely upon diverse citizenship, but was expressly based on the Employers' Liability Act, error was prosecuted from this court.

We shall not undertake to analyze the evidence or review the grounds which led the court below to conclude that error was committed in submitting the case to the jury, because we think it is adequate to say that after a careful examination of the record we see no reason for holding that the court below erred in so deciding. As regards however, the ruling on the motion for judgment

*non obstante veredicto,* it is apparent in view of the recent decision in *Slocum* v. *Insurance Company,* 228 U. S. 364, that error was committed. It follows that our duty is to affirm and modify; that is, to affirm the judgment of reversal and to modify by reversing so much of the action of the court below as directed the entry of a judgment in favor of the defendant. Conformably to this conclusion it is ordered that the judgment of reversal be, and the same is hereby affirmed, and that the direction for entry of judgment in favor of defendant be reversed and the case is remanded to the trial court with directions to set aside its judgment and grant a new trial.

*Affirmed and modified.*