[Civ. No. 3680. First Appellate District, Division One.—March 29, 1921.]

## MERRITT H. ADAMSON, Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

[1] PUBLIC HIGHWAYS—ACQUISITION OF LAND BY COUNTY—METHODS AUTHORIZED.—The provisions of article VI of chapter 2 of title VI of the Political Code, comprising sections 2681 to 2698 thereof, providing a method (commonly known as the "viewer" method) for laying out and establishing public highways, do not purport to be exclusive, and may not be held to be so in view of the express grant of power embodied in subdivision 4 of section 2643 of that code, which confers authority upon boards of super-visors to acquire private lands and rights of way thereover for highway purposes by condemnation proceedings under the general right of eminent domain, and of the even more comprehensive enumeration of the general permanent powers of boards of super-visors contained in section 4041 of that code, by which such boards are expressly authorized "to acquire and take by purchase, con-demnation or otherwise land for the uses and purposes of public roads, highways and so forth."

[2] Id.—Judgment of Condemnation for Highway Purposes—Declaration by Supervisors not Required.—Where a strip of land is acquired, set apart, and appropriated for highway purposes by a final judgment in a condemnation suit, the board of supervisors is not required to pass a resolution declaring said land to be a public highway to entitle the board to proceed to expend the public moneys for its improvements.

[3] Id.—Erroneous Judgment—Motion for New Trial—Authority of County Counsel to Consent to Modification—Presumption. In the absence of any showing to the contrary, it must be presumed that the counsel for the county, in an action for the condemnation of land for a public highway, had the authority to consent to an increase of the judgment to the amount which the trial court thought was correct, where consent to such increase was required as a condition of the order of the trial court denying the defendant's motion for a new trial.

[4] Id.—Nonconformity of Verdict With Evidence—Modification on Motion for New Trial.—In an action for the condemnation of land for a public highway, the trial court possesses the power upon a motion for a new trial, after trial before a jury, to amend or modify the verdict of the jury so as to make the award in favor of the defendant conform to the evidence in the case.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Anderson & Anderson and Nathan Newby for Appellant.

A. J. Hill, County Counsel, and Paul Vallee, Chief Deputy County Counsel, for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants entered after an order sustaining a general demurrer to the plaintiff's complaint without leave to amend.

The action is one in which the plaintiff, as a resident and taxpayer of Los Angeles County, seeks to enjoin said county and its board of supervisors from proceeding with the expenditure of public money and with the employment of county officials and employees, and the use of county tools and appliances and materials, upon the construction of a certain roadway upon and along a certain right of way forty feet in width and about twenty-two miles in length, extend-

ing into and over certain private property known as the Malibu ranch, owned by the Rindge Company, a corporation. The complaint sets forth at length the proceedings had and taken before and by the board of supervisors of said county purporting to authorize the institution of an action on behalf of said county for the condemnation of the strip of land in question for the purposes of such highway, and also the institution and proceedings in such action resulting in a judgment in favor of said county condemning a right of way over said strip of land, and assessing and awarding damages to the defendant therein, the Rindge Company, for the taking of the same, which judgment became final; and also sets forth the proceedings before said board of supervisors authorizing and directing the prosecution of the work of constructing said highway at public expense, and the fact that said construction work was actually in progress at the time of the institution of the present action.

[1] The first and main contention which the appellant makes upon this appeal is that the resolution of the board of supervisors purporting to authorize the said condemnation suit was not sufficient to confer jurisdiction upon the court of the subject matter of said suit, and hence all proceedings had pursuant to said resolution were void, and as a sequence no road or right of way was condemned or laid out or established by such condemnation proceedings, and that, therefore, any and all expenditures of public money, and the creation or improvement of said proposed highway, are and would be illegal. The entire basis for this contention on the part of the appellant rests in the assumption that the powers conferred by law upon boards of supervisors to lay out and establish public highways are those embodied in those sections of the Political Code numbered 2681 to 2689, inclusive, providing for the laying out, altering, and discontinuing of roads. The method provided for laying out and establishing public highways by these sections of the Political Code is that commonly known as the "viewer" method, frequently employed by counties in the acquisition of lands for new highways and in the laying out of the same; and it is the insistence of the appellant herein that this method is exclusive; and that not having been followed by the board of supervisors of said county in the attempted acquisition of the right of way for the roadway in question

all subsequent proceedings in that direction were void. In reply to this contention the respondent directs our attention to subdivision four of section 2643 of the Political Code, which it is urged confers express power upon boards of supervisors to acquire private lands and rights of way thereover for highway purposes by condemnation proceedings under the general right of eminent domain. This subdivision is part of the general section giving boards of supervisors the general control and supervision over roads within their respective counties, and by the terms of said subdivision they are empowered to "acquire the right of way over private property for the use of public highways, and for that purpose require the district attorney to institute proceedings under title VII, part III, of the Code of Civil Procedure." The respondent further contends that aside from this special provision granting this power and providing for this procedure, boards of supervisors possess the power to direct the institution of actions for the condemnation of private property for highways and for public uses under their general right of eminent domain under the provisions of section 44 of the Political Code and of section 1001 of the Civil Code; and it further contends that in addition to these general grants of power, boards of supervisors have been expressly invested with these powers under section 4041 of the Political Code, which is embraced, in article IV of chapter 2 of part IV thereof, under the title of "General Permanent Powers," and which section of the code reads in part as follows: "The boards of supervisors in their respective counties shall have jurisdiction and power, under such limitations and restrictions as are prescribed by law . . . (4) to acquire and take by purchase, *condemnation* or otherwise lands for the uses and purposes of public roads, highways, boulevards, turnpikes and other public ways."

We are entirely satisfied that the foregoing contentions on the part of the respondent herein must, both upon principle and authority, be upheld. The sections of the Political Code upon which the appellant relies in support of its contention, while they provide a speedy and convenient method for the laying out of public roads, and the acquisition for such purposes of the lands of private owners at fair valuations, were not intended to be exclusive, since to so hold

would have the effect of excluding boards of supervisors of counties, and hence counties themselves, from the exercise of those rights of eminent domain in the matter of acquiring land or rights of way for highway purposes held by the state by virtue of its sovereignty and expressly conceded to it by the terms of section 44 of the Political Code, and would also render nugatory and meaningless the other sections and subdivisions of said code to which we have above referred.

But aside from this consideration, we think that the contention of the appellant as to the limited powers of boards of supervisors under the several provisions of the Political Code above referred to has been quite definitely determined in a case which by analogy is almost identical with the case at bar. That is the case of *City of Los Angeles* v. *Leavis,* 119 Cal. 164, [51 Pac. 34]. In that case the city of Los Angeles, a municipal corporation, brought suit to condemn land for a public street. It was contended that it had no power to commence or maintain such an action without having first taken the steps and resorted to the processes provided in the Statutes of 1889, page 70, relative to the laying out, opening, extending, widening, and straightening of public streets in municipalities, which in quite a number of respects embrace similar provisions to those embodied in the sections of the Political Code upon which appellant relies in support of his contention. The supreme court says: "The contention, we think, is untenable. The provisions of the act of March 6, 1889, are not exclusive, and were not designed to prohibit a municipality from maintaining condemnation proceedings under the provisions of the Code of Civil Procedure. . . . In *Pasadena* v. *Stimson,* 91 Cal. 238, [27 Pac. 604], the court, after quoting section 1001 of the Civil Code, wherein it is provided that any person may without further legislative action acquire private property for any use specified in section 1238 of the Code of Civil Procedure, declared: 'A corporation whether private or public is a person. It follows therefore that under this general law, general in the widest and fullest sense of the term, any public or private corporation or any natural person may, for any of the uses defined in section 1238 of the Code of Civil Procedure, acquire property without the consent of the owner by means of the proceedings described

in part III,. title VII, of said code.' In *Santa Cruz* v. *Enright,* 95 Cal. 105, [30 Pac. 197], the same construction is given to the law.''

The provisions of article VI of chapter 2 of title VI of the Political Code, comprising sections 2681 to 2698 thereof, do not purport to be exclusive, and may not be held to be so in view of the express grant of power embodied in subdivision 4 of section 2643 above quoted, and of the even more comprehensive enumeration of the general permanent powers of boards of supervisors contained in section 4041 of the Political Code by which such boards are expressly authorized ''to acquire and take by purchase, *condemnation* or otherwise land for the uses and purposes of public roads, highways and so forth.'' We are therefore of the opinion that the first contention of the appellant cannot be sustained.

In arriving at this conclusion we are not unmindful of the cases which the appellant has cited as supporting his contention; but an examination of these cases discloses that either the direct point here made was not under consideration there, or that the proceeding assailed was one having its inception under the provisions of sections 2681 and 2698 of the Political Code, and that the error complained of in those cases consisted in an alleged departure from the procedure laid down in those sections of the code. Such cases do not have application to an original condemnation proceeding instituted under section 1237 et seq. of the Code of Civil Procedure.

[2] Having thus determined the appellant's main point against his contention he still insists that, conceding the superior court had jurisdiction to hear and determine the condemnation proceeding, and that it has done so, still the strip of land so condemned did not become a public highway so as to entitle the board of supervisors to proceed to expend the public moneys for its improvement without the passage of a resolution of the board of supervisors declaring said land to be a public highway, which resolution he claims was never adopted.

We do not find any merit in this contention. The final judgment in the condemnation suit adjudged that the strip of land in question was ''condemned for highway purposes.'' It was thus acquired, set apart, and appropriated for this

public use, and, as was said by the supreme court in the case of *Wulzen* v. *San Francisco*, 101 Cal. 15, [40 Am. St. Rep. 17, 35 Pac. 353]: ''When land within a street is condemned, appropriated, acquired, set apart and taken for public use it would seem that the last act in the series essential to vest in the public a right to its use as a thoroughfare is accomplished.'' We are cited to no case which undertakes to lay down a different rule.

[3] The appellant's final contention is that the conditions prescribed by law as the prerequisite to entitle the county of Los Angeles, through its officials, to take possession of the strip of land in question for the purpose of doing highway work thereon were not complied with, and hence that these officials had no right to expend public money in the improvement of land to the possession of which they were not lawfully entitled.

This contention rests upon the following state of facts: The condemnation suit was tried before a jury which, among other things, found that the amount of fencing in mileage requisite to fence the Rindge Company's land along the roadway was twenty-nine miles, and that its cost would be $18,850, or $650 per mile, to which sum said company would be entitled in compensation. A motion for a new trial was made, one of the specifications of which was that the jury was in error as to the proper amount of this mileage of required fencing. The trial court was of the opinion that this was correct, and that the mileage of said fencing should have been thirty-one and a half miles, for which increase the Rindge Company should have been awarded further compensation at the specified rate per mile. It therefore required the plaintiff to consent to this increase as a condition of its order denying the motion for a new trial, whereupon counsel for plaintiff filed a written stipulation consenting to this increase in the defendant's amount of compensation, and thereupon the court entered its order denying the motion for a new trial. The contention of the present appellant is that the council for the county had no authority to stipulate for this increase in the judgment, and that the court had no power to make it, and by so doing to change the amount of compensation fixed by the jury.

We find no merit in the contention that the act of counsel for the county in consenting to an increase of the amount

of the compensation awarded to the defendant by the verdict of the jury in the condemnation suit was void as without authority. The record does not so disclose, and in the absence of any showing to the contrary the presumption will be that counsel for the county—who in that case was himself a public official, namely, the district attorney, regularly performed his official duty and was duly authorized to file his consent to the required increase. (*San Luis Obispo* v. *Hendricks,* 71 Cal. 242, [11 Pac. 682]; Code Civ. Proc., sec. 1963.) [4] Further than this, we have no doubt that the trial court possessed the power upon a motion for a new trial to amend or modify the verdict of the jury in the respect it did so as to make it conform to the evidence in the case, and that having that power, and having exercised it, and its order in that regard having been complied with, and its judgment in said condemnation suit having become final, this plaintiff cannot, merely by virtue of being a taxpayer, come in and, by way of injunction sought in this latter action, stop the public work already in progress upon the strip of land condemned in said former action for public use as a highway, merely because of some alleged inaccuracy on the part of the trial court in computing the amount to which the defendant therein would be entitled in damages.

Upon a review of the whole record we are satisfied that the strip of land sought to be taken for highway purposes in the condemnation suit was adaptable to and properly subject to condemnation for such purposes; that the condemnation suit was one of the alternative methods provided by law for the acquisition of private lands by counties for highway uses; that the judgment made and entered in said condemnation proceeding was a legal and proper judgment, and that its effect was to transfer a right of way over the strip of land in question to the county of Los Angeles for highway purposes, and that no other or further act or declaration on the part of the board of supervisors was required to effectuate that purpose, and, finally, that the trial court committed no error or abuse of its discretion in refusing to grant or issue an injunction upon the plaintiff's complaint herein, the demurrer to which we hold to have been properly sustained.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 27, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1921.

All the Justices concurred.