## MORAN v. WASHINGTON RY. & ELECTRIC CO.
### No. 5036.

Court of Appeals of District of Columbia.
Argued March 4, 1931.
Decided April 6, 1931.

C. A. Thompson, of Washington, D. C., for plaintiff in error.

H. W. Kelly, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This was an action at law brought in the municipal court of the District by the plaintiff in error (plaintiff below) to recover from the defendant in error (defendant below) damages alleged to have been suffered by plaintiff as a result of the alleged negligent operation by the defendant of one of its street cars in the public street of the city of Washington.

The case was tried to a jury, and resulted in a verdict for the plaintiff in the sum of $500.

The defendant moved for a new trial, or for judgment non obstante veredicto. The lower court granted the motion non obstante, and entered judgment for the defendant. This we think was error.

While it is quite true that in many of the states there are now to be found statutes as a result of which the trial court, when convinced that the verdict is without evidence to support it, or is clearly contrary to the evidence, may end the action at once "and put the losing party to his writ of error, thus avoiding the temptation to perjury and in many cases the unnecessary expense of a second trial" (note of revisors, Code of Va. § 6251), nevertheless the Constitution of the United States denies such power to a judge of a federal court. "The terms of the Seventh Amendment and the circumstances of its adoption show that one of its purposes was to require adherence to the rule of the common law that a verdict cannot be disturbed for an error of law occurring on the trial without awarding a new trial." Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879.

The judgment of the lower court must therefore be and is reversed, and the case remanded for a new trial.

Reversed.