### SCHIEDT v. DIMICK.
No. 2884.

Circuit Court of Appeals, First Circuit.
April 20, 1934.

MORTON, Circuit Judge, dissenting.

Richard J. Walsh, of Boston, Mass. (Charles F. Albert, Richard J. Cotter, Warner, Stackpole & Bradlee, all of Boston, Mass., on the brief), for appellant.

David H. Fulton and Leo P. Doherty, both of Boston, Mass., for appellee.

Before WILSON and MORTON, Circuit Judges, and MORRIS, District Judge.

WILSON, Circuit Judge.

The plaintiff-appellant brought an action to recover for injuries caused by the alleged negligence of the defendant-appellee in operating his automobile. The jury found that the defendant was liable, and awarded damages in the sum of $500. The plaintiff filed a motion for a new trial on the ground of inadequate damages.

The trial judge denied the plaintiff's motion, the defendant having consented to a stipulation that judgment be entered against him for $1,500, or an increase in damages of $1,000 over that awarded by the jury. The trial judge based his rulings on the authority of two cases in the state courts: Gaffney v. Illingsworth, 90 N. J. Law, 490, 101 A. 243, and Carr v. Miner, 42 Ill. 179.

But the issue is whether, under the Seventh Amendment of the Federal Constitution, a federal District Judge, in a common-law action, may re-examine the facts, and, against the protest of the plaintiff, deny a motion for a new trial by the plaintiff on the ground of inadequate damages, provided the defendant consents that judgment be entered for an additional sum fixed by the court.

Notwithstanding the great respect we have for the well-considered rulings of the judge presiding below, we think that the cases cited do not warrant the action taken in this case. The action in the case of Gaffney v. Illingsworth was based chiefly on a rule of the Supreme Court of New Jersey; and the case of Carr v. Miner was taken merely to correct an omission of a definite item of damage, as in the case of Clark v. Henshaw Motor Co., 246 Mass. 386, 140 N. E. 593. In any event, whatever may be the practice in the state courts, it is not sufficient ground for sustaining similar action in a federal court, United States v. Train et al. (C. C.) 12 F. 852; Indianapolis, etc., R. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898; Minneapolis, etc., Ry. Co. v. Moquin, 283 U. S. 520, 521, 51 S. Ct. 501, 502, 75 L. Ed. 1243, and the Seventh Amendment of the Federal Constitution, we think, prohibits such action in the federal courts.

The Seventh Amendment provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

Justice Story, in interpreting this amendment in Parsons v. Bedford, 3 Pet. 433, 446, 447, 448, 7 L. Ed. 732, said:

"The only modes known to the common law to re-examine such facts, are the granting of a new trial by the court where the issue was tried, or to which the record was properly returnable; or the award of a venire facias de novo, by an appellate court, for some error of law which intervened in the proceedings. The judiciary act of 1789, ch. 20, § 17, has given to all the courts of the United States 'power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law.'"

In the case of Capital Traction Company v. Hof, 174 U. S. 1, 7, 19 S. Ct. 580, 583, 43 L. Ed. 873, the court said:

"A comparison of the language of the seventh amendment, as finally made part of the constitution of the United States, with the

declaration of rights of 1774, with the ordinance of 1787, with the essays of Mr. Hamilton in 1788, and with the amendments introduced by Mr. Madison in congress in 1789, strongly tends to the conclusion that the seventh amendment, in declaring that 'no fact tried by a jury shall be otherwise re-examined, in any court of the United States, than according to the rules of the common law,' had in view the rules of the common law of England, and not the rules of that law as modified by local statute or usage in any of the states.

"This conclusion has been established, and 'the rules of the common law' in this respect clearly stated and defined, by judicial decisions."

The Supreme Court in the last-cited case quoted with approval the language of Judge Sprague in United States v. 1363 Bags of Merchandise, Fed. Cas. No. 15,964, 2 Sprague, 85, 87:

" 'At the time of the adoption of the constitution it was a part of the system of trial by jury in civil cases that the court might, in its discretion, set aside a verdict.' 'Each party—the losing as well as the winning—has a right to the legitimate trial by jury, with all its safeguards, as understood when the constitution was adopted.' "

Also see Liberty Oil Co. v. Condon Nat. Bank, 260 U. S. 235, 243, 43 S. Ct. 118, 67 L. Ed. 232.

The only federal statute relating to new trials is section 726, Rev. St., as amended by chapter 48, 40 Stat. 1181, 28 USCA § 391, which provides that:

"All United States courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law."

The remainder of the section, in view of the Seventh Amendment, can have no bearing on the issue now before this court, and the entire section is, of course, limited by the prohibition contained in the Seventh Amendment.

While at the time of the adoption of the Federal Constitution, when the ground for a new trial was excessive damages, there were authorities in the early English common-law courts holding that a new trial might be granted on the ground of excessive damages, Blackstone's Com. vol. 3, pp. 388–392; but the practice of denying a motion for a new trial on this ground, if a remittitur was filed by the plaintiff, does not seem to have become firmly established in England except by consent of both parties. Leeson v. Smith, 4 Neville & Manning's Rep. 304, 306; Watt v. Watt, Appeal Cases, 1905, p. 115. Also see 2 Am. & Eng. Ann. Cases, 672 (a decision by the House of Lords).

In any event, we have been referred to no English case, nor has one been found after a somewhat extensive research, in which it has been held that, in case of inadequate damages, a new trial may be denied, provided the defendant consents to have judgment entered for a larger amount—fixed by the court —than the verdict of the jury. Ducker v. Wood, 1 T. R. 277; Hewlett v. Cruchley, 5 Taunt. 277; Duberley v. Gunning, 4 T. R. 651; Chambers v. Caulfield, 6 East. 244; Hurry v. Watson, cited 4 T. R. 659, 660; Fabrigas v. Mostyn, 2 Sir W. Blackstone's Reports 929; Cuming v. Sibly, 4 Burr. 2489; Phillips v. South Western Railway Co., 4 Q. B. D. 406.

The case of Belt v. Lawes, 12 Q. B. D. 356, in which it was held that a motion for a new trial might be denied, if a remittitur was filed, was later considered and overruled in Watt v. Watt, supra (which also involved a reduction of excessive damages), in which case the Earl of Halsbury said at page 119: "My Lords, I am unable after a very anxious examination of the earlier authorities to assent to the legality of this proceeding unless by the assent of both parties. * * * Hesitating, as I do, to differ from the opinion expressed by my noble and learned friend Lord Lindley, I have come to the conclusion that there is no power in the court to alter the verdict except by ordering a new trial. * * *"

The case of Watt v. Watt was cited in Lionel Barber & Co. v. Deuche Bank, Appeal Cases (1919) 304, 314, 315, as establishing the rule that, according to the English common law, the defendant is entitled to insist that the case be reheard by another jury, and that excessive damages cannot be reduced except by consent of both parties. Reference to a prior practice where the issue was not raised cannot, of course, control carefully considered opinions by the House of Lords.

However, the practice of denying a motion for a new trial, in case of a remittitur being filed, was early recognized in the federal courts, following, no doubt, the practice in some of the lower English common-law courts, as it was understood at the time of the adoption of the Constitution, Blunt v. Little, Fed. Cas. No. 1,578, 3 Mason, 102;

Arkansas Valley Land & Cattle Co. v. Mann, 130 U. S. 69, 9 S. Ct. 458, 32 L. Ed. 854; Kennon v. Gilmer, 131 U. S. 22, 29, 9 S. Ct. 696, 33 L. Ed. 110; and, while in case of a clear omission of some definite item of damage, certain state courts, to avoid the expense of a new trial, have ordered judgment for an amount that will include the omitted item, as in Carr v. Miner, supra; James v. Morey, 44 Ill. 352, and Clark v. Henshaw Motor Co., supra, it has never been held by any federal court that a motion by a plaintiff for a new trial on the ground of inadequate damages, where the damages were unliquidated, could be properly refused, provided the defendant consented to have judgment against him for a larger sum—determined by the court—than that awarded by the jury.

■ Granted that the Seventh Amendment does not require that old forms of practice and procedure be retained to preserve the right of trial by jury according to the rules of the common law, Walker v. New Mexico & Southern Pac. R. R. Co., 165 U. S. 593, 596, 17 S. Ct. 421, 41 L. Ed. 837, that it does not prohibit the introduction of new methods for determining what facts are actually in issue, that it does not prohibit the introduction of new rules of evidence, or that new devices may not be used to adapt the ancient institution to present needs to make of it an efficient instrument in the administration of justice, and that such changes are essential to the preservation of the right, the limitation imposed by the amendment does require that enjoyment of the trial by jury shall not be obstructed, and that the ultimate determination of issues of fact by the jury shall not be interfered with. Ex parte Peterson, 253 U. S. 300, 309, 310, 40 S. Ct. 543, 64 L. Ed. 919.

■ The determination of damages may be submitted to arbitration, but only by consent of both parties; and, in case of default, the court may assess damages or refer the question to assessors; but, where one of the parties has asked for a jury trial, no fact found by a jury can be re-examined in a United States court except in accordance with the Seventh Amendment.

■ That issues of fact must be submitted for determination by a jury with such instruction and guidance by the court as will afford opportunity for that consideration by the jury which was secured to litigants by the rules governing trials at common law is not a matter of form, but of right. Gasoline Products Co. v. Champlin, 283 U. S. 494, 498, 51 S.

Ct. 513, 75 L. Ed. 1188. Beyond changes in forms of practice and procedure from those followed in jury trials at common law, the federal courts have never approved any departure that in the final analysis in any way impaired a litigant's right to have a jury in a common-law action weigh the evidence and determine the facts.

Limitations upon the powers of the trial court under the Seventh Amendment over the verdict of a jury have been defined by the Supreme Court in Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029; Young, Adm'x, v. Central R. R. Co. of New Jersey, 232 U. S. 602, 34 S. Ct. 451, 58 L. Ed. 750; Capital Traction Co. v. Hof, supra; Northern Pac. R. R. Co. v. Herbert, 116 U. S. 642, 6 S. Ct. 590, 29 L. Ed. 755; Minneapolis, etc., Ry. v. Moquin, supra; Fairmount Glass Works v. Cub Fork Coal Co. et al., 287 U. S. 474, 485, 53 S. Ct. 252, 77 L. Ed. 439; also, see, United States v. Train, supra; Hughey v. Sullivan (C. C.) 80 F. 72; Moran v. Washington Ry. & Elec. Co., 60 App. D. C. 155, 49 F.(2d) 679.

The statement in the opinion in Arkansas Valley Land & Cattle Co. v. Mann, supra, page 74 of 130 U. S., 9 S. Ct. 458, 32 L. Ed. 854, that the authority of a trial court to determine whether the damages are excessive implies authority to determine when they are not of that character, obviously cannot be construed as definitely holding, or even implying, that, in case of inadequate damages, the trial court has the power to determine an amount that is not inadequate, if in excess of that awarded by a jury. The language in the Arkansas Valley Land & Cattle Co. Case clearly refers only to the power of a trial court to fix the maximum amount that is not excessive, when a jury upon an examination of the facts has awarded a larger and excessive amount.

In the case of an excessive verdict, and the trial court refuses to grant a new trial on motion of the defendant, provided a remittitur is filed by the plaintiff, the denial of a defendant's motion is sustained on the ground that he is not prejudiced, because the judgment entered is for a less amount than a jury has already found against him; but, when the damages awarded by a jury are clearly inadequate, and the plaintiff's motion for a new trial on that ground is denied, provided the defendant consents to have judgment entered against him for an increased amount fixed by the court, although the plaintiff recovers more than the award of the jury, he is

thereby denied the right to have a jury pass on the amount of his actual damages. In the first case, a jury has already awarded a sum in excess of that fixed by the court as a basis for a remittitur, which, at least, finds some support in the early English practice; while in the second case no jury has ever passed on the increased amount, and the practice has no precedent according to the rules of the common law.

■ In order to avoid the prohibition of the Seventh Amendment, the burden, we think, is on the party seeking to sustain an alteration of a jury's verdict by a federal judge to show that it is "according to the rules of the common law." Such a practice cannot be sustained merely because, in the case on trial, it may seem to the trial court to advance the cause of justice, end litigation and lessen the expense, if it impairs the right of trial by jury as established in the common-law courts of England at the time of the adoption of the Constitution and the Seventh Amendment.

If the plaintiff in this case was entitled to recover, he was obviously entitled on the evidence to recover more than $500 for pain and suffering, loss of wages, and expenses of treatment in effecting a recovery; but, as there was some evidence tending to show that the plaintiff was guilty of contributory negligence, the inadequate verdict may well have been due to a compromise among the jury. If so, a new trial was clearly the only proper remedy.

The Supreme Court in Minneapolis, etc., Ry. Co. v. Moquin, supra, held that, if the excessive damages were due to passion, bias, or prejudice, no remittitur can be filed, since, as the court said:

"In actions under the federal statute no verdict can be permitted to stand which is found to be in any degree the result of appeals to passion and prejudice. Obviously such means may be quite as effective to beget a wholly wrong verdict as to produce an excessive one. A litigant gaining a verdict thereby will not be permitted the benefit of calculation, which can be little better than speculation, as to the extent of the wrong inflicted upon his opponent."

■ The federal courts have no authority to order a judgment for one party when the jury has found a verdict for the other, or, what was termed in the ancient practice, a judgment non obstante veredicto. Young, Adm'x, v. Central R. R. Co. of New Jersey, supra.

For the trial court to limit the amount of damages a plaintiff can recover in addition to those found by the jury, even with the consent of the defendant, is as much a usurpation of the prerogatives of the jury and a violation of the Seventh Amendment as in the case of awarding a verdict non obstante veredicto, especially when the damages are unliquidated.

■ The Wisconsin courts appear to have adopted such a practice in case of inadequate damages; but, as has been pointed out, the practice in this respect in the states cannot control in the federal courts. Since we have been referred to no other cases, either state, federal, or English, than those above referred to, in which such a practice is approved, and since such an exhaustive work on federal procedure as Hughes' Federal Practice makes no reference to such a practice in the federal courts, and as the granting of a new trial fully preserves the rights of both parties, it leads us to conclude that there is no necessity, or sound basis, for such a departure from the rules of the common law.

The judgment of the District Court is reversed, with costs, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

MORTON, Circuit Judge (dissenting).

I regret that I am unable to agree, and, as the question is of some general importance, I will state my views.

The essential facts are simple. The plaintiff sued the defendant at law to recover damages for personal injuries, and obtained a verdict. He regarded the verdict as much too small, and moved to set it aside on the ground of inadequacy of damages. The trial judge made an order that: "If the defendant will file in this case a stipulation consenting to an increase of $1,000 in the damages from the sum of $500, as found by the jury, to $1,500, on or before April 21, 1933, the plaintiff's motion for a new trial is to be denied. Otherwise, it is to be granted and the case tried de novo, both on the question of liability and damages." The defendant filed the stipulation called for, and judgment was duly entered thereon.

The plaintiff has appealed, and contends: (1) That the District Judge exceeded his authority in giving the defendant the election to avoid a new trial by stipulating an increase in damages; (2) that the order should stand as one granting a new trial.

It is argued that the order was invalid, both at common law and under the Seventh

Amendment to the Constitution. The Seventh Amendment reads as follows:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

It occasionally happens that in assessing damages a jury returns an amount beyond any figures which could be reached upon a fair and reasonable consideration of the case. In that event it becomes, under our practice, the duty of the trial judge to set the verdict aside, unless the plaintiff elects to reduce it by a remittitur to a just figure stated by the judge. The use of remittiturs implies power in the trial judge to determine the upper limit of reasonable damages, as was clearly pointed out in Arkansas Valley Land & Cattle Co. v. Mann, 130 U. S. 69, 9 S. Ct. 458, 32 L. Ed. 854; cited in 51 L. R. A. (N. S.) 861 (note). There is a lower limit to reasonable damages as well as an upper one; and this is equally for the trial judge to determine. On the lower side, the question is somewhat complicated by the possibility that certain jurors might have yielded doubts as to liability in view of a small award on damages, who would not have yielded their doubts if the damages had been larger. See Fairmount Glass Wks. v. Cub Fork Coal Co., 287 U. S. 474, 475, 53 S. Ct. 252, 77 L. Ed. 439. We need not concern ourselves, however, with this aspect of the matter, because the defendant has accepted the verdict on liability and has stipulated that the damages might be increased. We are dealing only with objections by the plaintiff to the order which was made.

In the remittitur cases, the intention of the jury is assumed to be to give the highest damages legally permissible. The trial judge, in effect, names that figure, and gives the plaintiff an election to accept it. I cannot see why the same principle does not apply when the damages found by the jury are below the minimum reasonable amount, nor why the trial judge may not state the minimum reasonable figure, as he admittedly may state the maximum one, and give the defendant the election of paying it or submitting to a new trial. In each instance the verdict is accepted as to liability and the intention of the jury as to damages is given effect as far as legally permissible. In neither instance is the amount of the damages determined by the jury. But this does not prevent remittiturs,

and, as I have said, I can see no distinction affecting the powers of the trial judge, between them and the order made in this case, which might perhaps be termed an "additur." In the majority opinion remittiturs are distinguished on the ground that the defendant "is not prejudiced, because the judgment entered is for a less amount than a jury has already found against him." But it is not explained in what way the appealing plaintiff is prejudiced who receives more damages than a jury has found for him. I cannot see this distinction, on which in the last analysis the majority decision rests, nor do any of the English judges appear to have recognized it. On the contrary, the Court of Appeals explicitly refer to reducing a verdict or increasing it by action of the trial judge, as resting on the same legal foundation. Both had been done in England until both were outlawed by the Watt (1905 A. C. 115) Case, which, although quoted from in the majority opinion, is clearly not the law of the federal courts. Arkansas Valley Land & Cattle Co. v. Mann, supra, and cases cited below.

In Belt v. Lawes, 12 Q. B. D. 356, in the Court of Appeal Lord Esher says: "The Court has power to refuse a new trial without the consent of the defendant, on the plaintiff's consenting to the amount of the damages being reduced to such an amount as, if it had been given by the jury, the Court would not have considered excessive. * * *"

He then adds: "Suppose a case in which a new trial should be moved for on behalf of the plaintiff, on the ground that the amount of damages which the jury had given was obviously unreasonably too small"—exactly the present case—"I am far from saying that the Court would not have power in favour of the defendant, and in his interest, to say that the damages given are too small, but that if the defendant will agree to their being increased to such a sum as may be stated, a new trial shall be refused." The other justices, Baggalley and Lindley, concurred in these views. With respect to the practice thus approved, Lord Davey says in Watt v. Watt: "I do not doubt that such orders (remittiturs) have been frequently made, but they have not been challenged, and in the vast majority of cases the defendant is well advised to submit to a verdict for the reduced amount rather than incur the risk and expense of a new trial. Nor do I doubt that the power (if it exists) would be convenient, and in the most cases do substantial justice and save expense." In Fleming v. Bank of New Zealand, 1900 A. C. 577, the jury returned a verdict for the plain-

tiff for 2,000 pounds. The judicial committee of the Privy Council decided "that a new trial ought to be directed unless the plaintiff consented that the damages shall be reduced to five hundred pounds," etc.; that is, they used a remittitur in their final judgment. Watt v. Watt in outlawing remittiturs was at variance not only with Belt v. Lawes, and with the commonly accepted practice of many years, but also with the considered judgment of the Privy Council in the then recent Fleming Case, supra. It also ran counter, as Lord Davey frankly admitted, to practical convenience in doing substantial justice and saving expense. However, as Watt v. Watt does not represent the law in the federal courts, it is unnecessary to extend the discussion.

As the propriety of remittiturs in the federal courts is established (Tevis v. Ryan, 233 U. S. 273, 34 S. Ct. 481, 58 L. Ed. 957, where judgment entered on a remittitur was affirmed; Denny v. Pironi, 141 U. S. 121, 126, 11 S. Ct. 966, 35 L. Ed. 657; Arkansas Valley Land & Cattle Co. v. Mann, supra; Copley v. Ball, 176 F. 682, 692 [C. C. A.] plaintiff allowed remit as to land in ejectment suit) it seems to me to follow that the order appealed from was not beyond the discretionary power of the trial judge. Clark v. Henshaw Motor Co., 246 Mass. 386, 140 N. E. 593; Adamson v. County of Los Angeles, 52 Cal. App. 125, 198 P. 52. The way in which he dealt with the matter was direct and accomplished practical justice. These are weighty considerations on a question of practice, and ought not to be disregarded except for compelling reasons. I do not think that the Constitution prohibits improvements in the machinery for administering justice or restricts our procedural methods to those in use in the days of hand looms and sailing ships. That view was strongly, and I believe rightly, repudiated in the Arkansas Valley Land & Cattle Co. Case, supra, and Walker v. New Mexico & Southern Pacific Railroad Co., 165 U. S. 593, 596, 17 S. Ct. 421, 41 L. Ed. 837. Cases like Shanahan v. Boston & Northern Street Railway, 193 Mass. 412, 79 N. E. 751, in which the finding of the jury on liability was disregarded by the trial judge in an effort to impose his views on the parties, have no bearing on the present question. Here the trial judge accepted the jury's verdict as to liability. The part of his order which is objected to relates only to damages. The law recognizes a distinction between questions of liability and amount of damages; e. g., agreements for arbitrating the former were at one time regarded as against public policy, but agreements for the arbitration of damages were held valid. In the seventeenth and eighteenth centuries judges appear to have exercised great freedom in dealing with damages found by a jury. See Buller's Nisi Prius (7th Ed., 1817) p. 21 (a). On the historical aspects of the question, the cases, stated in this book and in the earlier edition of it dated 1772, wherein damages in tort found by a jury were increased by judicial order, are interesting. They tend to support the views of the Court of Appeals and the Privy Council, and of the United States Supreme Court, as to the discretionary powers of the court over damages at common law. See Watt v. Watt, 1905 A. C. 115, at 119. In my opinion, the judgment appealed from ought to be affirmed.